## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 134 | **DATE** | 3/20/2008 |
| **CASE TITLE** | Paul Darnell Taylor (#2006-0080893) vs. Dr. Contour, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for extension of time to pay filing fee [7] is granted to and including 04/09/08. We warn Plaintiff that it is incumbent upon him ensure that the filing fee is paid by 04/09/08, and if the filing fee is not paid by 04/09/08, this action will be dismissed.

■[ For further details see text below.]            Docketing to mail notices.

### STATEMENT

     This matter is before the court on Plaintiff Paul Darnell Taylor's ("Taylor") motion for extension of time to pay the filing fee in this action. On February 13, 2008, we denied Taylor's motion for leave to proceed *in forma pauperis*. We noted that Taylor indicated on his *in forma pauperis* application form that he had received over $6,000 in the past twelve months from social security payments at the time he submitted his application. (Mot. IFP Par. 3(d)). We also noted that Taylor indicated on his *in forma pauperis* application form that he is presently incarcerated and we noted that he is provided with the necessities of life by the State of Illinois. *See, e.g., Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)(stating that prisoners are provided with the necessities of life by the state and that the discretionary funds of the prisoner should be used toward the costs of a lawsuit). Thus, we found that Taylor had not shown himself to be sufficiently indigent and we denied the motion for leave to proceed *in forma pauperis*. We gave Taylor until March 17, 2008, to pay the filing fee and we warned Taylor that if he failed to pay the filing fee by March 17, 2008, this action would be dismissed.

     Taylor has now filed a motion for extension of time to pay his filing fee. Taylor cites another case he has pending in this district, which Taylor speculates may settle and would enable him to pay the filing fee in

**STATEMENT**

this action.

Although Taylor asks that we extend the payment of the filing fee for another 45 days, Taylor has indicated that his ability to pay will be dependant on the outcome of another litigation in the United States District Court. This amounts to a request for indefinite extension pending the outcome of Taylor's other litigation, the result of which is speculative. Taylor has not shown why he should be entitled to basically an indefinite extension of time to pay the filing fee in this action. Taylor is not entitled to the extension of time he requests based on his unsupported speculative belief that he may eventually settle another pending lawsuit in order to pay the filing fee in this action. This is the second action filed by Taylor in this court in the past four months and he has yet to pay the filing fee in either action. Taylor has now alerted this court to a third case filed recently by Taylor in this district, and it would not be appropriate to allow Taylor to delay the payment of his filing fee simply based on his statement that he may receive a settlement from that case at some indefinite time in the future.

Taylor initiated this action more than two months ago and he was warned on February 13, 2008, that it was incumbent upon him to ensure that the filing fee was paid by March 17, 2008, and that if the filing fee was not paid, the instant action would be dismissed. The deadline has passed and Taylor has not paid the filing fee. Furthermore, Taylor has not shown that he is entitled to an extension of time to pay the filing fee. Therefore, based on the foregoing, we deny Taylor's motion for extension of time as requested. Since Taylor's motion for extension of time was submitted three days before Taylor was required to pay the filing fee, we will extend the deadline for Taylor to pay the filing fee until April 9, 2008. We warn Taylor that it is incumbent upon him ensure that the filing fee is paid by April 9, 2008, and if the filing fee is not paid by April 2, 2008, this action will be dismissed.

We also note that, in his motion Taylor disputes this court's ruling on his motion for leave to proceed *in forma pauperis*, arguing that he has not received social security payments in the past twelve months. However, this is contrary to Taylor's own assertions on his *in forma pauperis* application form. Taylor was required to submit accurate information on his *in forma pauperis* application form. Taylor's argument therefore is without merit.