IN THE UNITED STATES DISTRICT COURT
FOR THE UNITED STATES COURT OF APPEALS:

FILED
SEP 5, 2008
SEP 5 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Paul D. Taylor
Plaintiff / Appellant

V.

Thomas Dart, et, al,
Defendant(s)

Case No.# 08 C 0134

NOTICE TO LEAVE TO FILE MOTION FOR LEAVE TO APPEAL

Now Come(s) Plaintiff Paul Darnel Taylor, (Pro Se) Appellant Incarcerated Prisoner; in the above styled caption Notice for Leave to file Motion to Appeal.

THE BACKGROUND: The Court dismissed an order Plaintiff; to state what the Honorable court did and/or did not do, to be faie to the Plaintiff. Where did the court error.

1) That, the Plaintiff; did submit the Informa Pauperis Application to the Honorable Court. To the very best of knowlege/knowing. However, the court terminated/dismissed as moot. The Honorable Der-yeghiayan showed Plaintiff extern prejudice, discriminatory decision by not allowing the second Informa Pauperis after Plaintiff stated partelly it was Plaintiff fault! The Honorable Judge Der-yeghiayan order Plaintiff, to pay the (entire filing fee)???

1

2.) THAT THE PLAINTIFF, FILES A MOTION FOR A RESTRAINING ORDER / TEMPORARY RESTRAINING ORDER (T.R.O.) AND/OR PRELIMINARY INJUNCTION. PURSUANT TO FED. R. CIV. PRO. 65(b). THEREFORE THE HONORABLE COURT CAN NOT DISMISS A CIVIL CASE AS MOOT. SEE MAYWEATHER V. NEWLAND, 258 F.3d 930 (9th Cir. 2001): THAT THIS HONORABLE COURT REFUSE TO LISTEN UNDERSTAND THAT THIS COOK COUNTY DEPARTMENT OF CORRECTIONS IS NOT GOING BY THEIR OWN POLICY, ORDERS, DIRECTORY, RULES & REGULATIONS. THAT, THE PLAINTIFF HAD TO GET A COURT ORDER FOR MEDICAL TREATMENT. EVEN AFTER THE ORDER I WAITED TWO AND ONE HALF WEEKS, BEFORE I WAS SERVED. AND DR. CONTOUR, JULY 14, 08 SAW ME. HOWEVER, SHE, REFUSED ME ANY (KAT-SCAN) ON MY CHEST FOR RESPATORY & KNESS, PROBLEMS!!! HOWEVER, NO SCAND OPINION?

a.) THE PLAINTIFF IS DEPRIVED ANY MENTAL HEALTH TREATMENT AT ALL. SEE GRIEVANCE 2008X1318: EVERY SENCE PLAINTIFF WAS INJECTED WITH PSYCHOTROPIC MEDICATION, AGAINST HIS WILL. BY OFFICER; TURNER; RUNYUN; DR; MILLS; DR; HALLBERG, NURSE BENSON; PYSCH NURSE, COCHANISE; ADMINISTER TWO SHOTS, FOR NO REASON; UNPROVOKED, NOT COURT ORDER!

b.) 2008-0138) Continue from page #2)
See City of Revere V. Massachusetts General Hospital, 463 U.S. 239, 244 (1983) The Supreme Court held that pretrial detainee have due-process rights that are "at least as great" as the Eighth Amendment protection available to prisoners. I spent over 6 months in Punitive Segregation for due process that, could have been avoid, and corrected. However, all employee's knew the substantial risk, but continue to wilfully deprive Mr. Paul D. Taylor, his due process to the (due process clause) to the United States Constitution. To the United States Constitution of America.

3.) I still have very serious medical/mental health concerns. I can't receive this treatment unless court ordered. See more Brock V. Wright, 315 F.3d 158 (2d Cir. 2003), Pardue V Fromm, 94 F.3rd 254 (7th Cir. 1996), Gregoire V. Class, 236 F.3d 413 (8th Cir. 2000). ___ V. Smith V Wade, 461. U.S. 30 (1983).
The plaintiff is and should be entitled to relief and/or injunction pursuant to 28 § U.S.C.A. 2283 & 2284 and Fed. Rule Civil Procedure 65 "The plaintiff seeks declaratory judgment pursuant to 28 § U.S.C. 2201 and 2002"

3.) "THE COURT HAS SUPPLEMENT JURISDICTION OVER PLAINTIFF FEDERAL & STATE CLAIMS UNDER 28 U.S.C. SECTION 1367"

4.) THAT THE LOWER COURT HAS ABUSED ITS DISCRETION. HENDRICKS V. COUGHLIN, 114 F. 3d 390 2d Cir. 1997). THAT THE PLAINTIFF, IS NOT TRYING TO (TRIMIX) HOWEVER, HE NEEDS THE APPOINTMENT OF COUNSEL. PLEASE SEE THE MOTION FOR THE APPOINTMENT OF COUNSEL, TO FOLLOW.

4.) THAT, THE PLAINTIFF (IS POOR) AND SHOULD NOT HAVE TO PAY. PLEASE SEE MILLER V. CARSON, 768 F. Supp. 1331, 1340 (N.D. CAL 1991,) A.F.D.C. THE PLAINTIFF, WILL ATTEMPT TO RETAIN MRS. ERICA FALLBORG ATTORNEY AT LAW.

5.) THAT THIS HONORABLE COURT, SHOULD NOTE, THAT THE SUPREME COURT STATES IN ORDER TO DISMISS A PRO-SE COMPLAINT SHOULD BE HELD TO LESS STRICT STANDARDS THAN A MOTION DRAFTED BY A LAWYER. SEE CONLEY V. GIBSON, 355 U.S. -41, 45-46 (1957).

6.) THE PLAINTIFF REQUEST THAT THIS HONORABLE COURT SEND THIS CASE BACK TO THE LOWER COURT. OR HONOR (THE INJUNCTION / T.R.O. IN THE MATTER OF LAW. THE PLAINTIFF FILE THIS MOTION FOR LEAVE TO FILE APPEAL IN GOOD CAUSE SHOWN. WHEREFORE: PLAINTIFF PRAY THAT THIS MOTION BE GRANTED FOR REASONS HEREIN.

4

1. I HEREBY CERTIFY THAT, THE FOREGOING
2. IS HEREBY MAILED VIA FIRST CLASS LEGAL-
3. MAIL TO THE CLERK, OF THE HONORABLE-
4. COURT. ONE ORIGINAL AND TWO COPIES,
5. TO THE UNITED STATES DISTRICT COURT HOUSE
6. THE NORTEEN DISTRICT-COURT HOUSE,
7. NORTEEN DIVISION OF ILLINOIS:
8. 219 SOUTH DEARBORN ST.;
9. CHICAGO, ILLINOIS 60604
10.
11. ON THIS DAY 26 OF AUGUST MONTH,
12. 2008: YEAR. I HAVE CERTIFY SERVICE
13. THAT I PAUL DARNEL TAYLOR 2006-0080893
14. HAVE MAILED THIS LEGAL DOCUMENTATION
15. TO THE UNITED STATES DISTRICT COURT HOUSE
16. BY PAUL DARNEL TAYLOR 2006-0080893
17. Paul D. Taylor          2006-0080893
18. COOK COUNTY DEPARTMENT OF CORRECTIONS
19. P.O. BOX 089002;
20. CHICAGO, ILL 60608
21.
22.
23. DIVISION (ONE.-I.) A-2
24.
25.
26.
27.
28.

(5).